UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Raymond Marsee,

   Petitioner,

vs.

G. Whorton, *et. al.*,

   Respondents.

Case No. 3:07-cv-00116-BES-VPC

ORDER

This action proceeds on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by pro se petitioner Raymond Marsee, a Nevada prisoner. Before the Court is respondents' motion to dismiss. (Docket #9)

**I. Procedural History**

On May 2, 1996, petitioner was convicted, pursuant to guilty pleas, of invasion of the home and burglary. Exhibits 3 and 5.[1] The trial court sentenced petitioner to a minimum of forty-eight months in prison and a maximum of one hundred twenty months in prison for both counts. Exhibit 5. The sentences were to run consecutively. Exhibit 5. Petitioner appealed, and on March 26, 1998 the Supreme Court of Nevada dismissed the appeal and rejected petitioner's claims that his sentence amounted to cruel and unusual punishment. Exhibit 8. Remittitur issued on April 22, 1998. Exhibit 8.

---

[1] The exhibits referenced in this Order were provided by respondents in support of the motion to dismiss, at Docket #11.

On March 22, 1999 petitioner filed a petition for writ of habeas corpus for post-conviction relief in the state district court. Exhibit 9. On July 10, 2001, the court dismissed the petition on procedural grounds. Exhibit 12. Petitioner appealed the dismissal, and argued to the Nevada Supreme Court that (1) trial counsel was ineffective for failing to investigate petitioner's account of the incident, for failing to review grand jury transcripts, and for failing to inform him of all of the elements of the charges and (2) the trial court abused its discretion in granting the state's motion to dismiss. Exhibit 13. The Nevada Supreme Court agreed that the trial court's dismissal of the habeas petition was erroneous, however, the court affirmed the lower court's order stating petitioner's ineffective assistance of counsel claims were refuted by the record. Exhibit 15. Petitioner moved for rehearing and that request was denied on May 7, 2002. Exhibit 16. Remittitur issued on May 24, 2002. Exhibit 16.

Petitioner then filed an emergency petition for mandamus or alternatively prohibition with the Nevada Supreme Court on November 19, 2006. Exhibit 17.[2] Petitioner alleged (1) the Nevada Department of Corrections violated the due process clause, the equal protection clause and the ex post facto clause when it failed to credit him with 130 days of time served and incorrectly calculated his good time credits, (2) he is entitled to immediate mandatory parole release, and (3) Western Nevada Community College has acted arbitrarily and capriciously in failing to accept petitioner's transfer credits. Exhibit 17. The Nevada Supreme Court denied petitioner's motion on December 7, 2006. Exhibit 18. The Court stated that petitioner's claims must be raised in a postconviction petition for writ of habeas corpus in the trial court. Exhibit 18. A notice in lieu of remittitur was issued on January 3, 2007. Exhibit 18.

On March 8, 2007 petitioner mailed his federal habeas petition to this Court. (Docket #6) The petition contains nine claims for relief that relate to the Nevada Department of

///

---

[2] *Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that filings by pro se prisoners are deemed to be filed on the date the filing was given to prison authorities); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

Corrections' failure or refusal to grant credit for 130 days of time served, for its miscalculation of petitioner's good time credits, and its failure to order his immediate release. (Docket #6)

**II.    Discussion**

    **A.  AEDPA Statute of Limitations**

Respondents move to dismiss the petition as untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right assert was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the federal predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."

3

*Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214 (2002)). Moreover, the Court stated "time limits, no matter their form, are 'filing' conditions" and noted if a state court rejects a petitioner's state filing as untimely then the petition is not "properly filed" under the statute and statutory tolling is not proper. *Id.* at 417.

### 1. Application to the Instant Case

In the present case, petitioner was convicted on May 2, 1996. Petitioner appealed, and the Nevada Supreme Court affirmed his convictions and dismissed the appeal on March 26, 1998. However, the one-year time limitation under the AEDPA did not begin to run until Marsee's time for seeking certiorari with the United States Supreme Court expired. *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001) (citing *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999)). The Supreme Court rules state that a person has 90 days from the entry of judgment in a civil or criminal case in which to file a petition for writ of certiorari. Sup. Ct. R. 13. Rule 36(a) of the Nevada Rules of Appellate Procedure state that the "filing of the court's decision or order constitutes entry of the judgment." Therefore the one-year time limitation was tolled until June 24, 1998, or 90 days after the Nevada Supreme Court entered its order dismissing petitioner's appeal and affirming the convictions, and not the date remittitur issued. *Cf. Hemmerle v. Schriro*, 495 F.3d 1069 (9th Cir. 2007) (noting conclusion of review is from the date of the decision of a state appellate court and not the date of the mandate). Petitioner had one year from June 24, 1998 to file his federal habeas corpus petition.

Petitioner then filed a habeas corpus petition in the state district court on March 22, 1999. That petition appears to meet the requirements for tolling under the statute. 28 U.S.C. § 2244(d)(2). However, the period from June 24, 1998, to March 22, 1999, was not tolled. That time amounts to 271 days. The time period from March 22, 1999, through May 24, 2002, is statutorily tolled. During this time period the state district court dismissed petitioner's habeas petition, petitioner appealed the dismissal to the Nevada Supreme Court, and the

Court affirmed the dismissal of the habeas petition. The one-year AEDPA time limitation began to run again on May 24, 2002, and petitioner had 94 days left in which to file his federal habeas petition. The habeas petition was due on August 26, 2002.

Petitioner filed his federal habeas petition on March 7, 2007, which is well beyond the one-year period outlined in the AEDPA. Moreover, petitioner's November 2006 petition for writ of mandamus filed in the Nevada Supreme Court did not toll the time limitation as the petition was filed after the one-year time limitation under section 2244 had already expired. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to tolling where the time limitation under the AEDPA has already run). The instant petition was untimely filed in this court.

**2. Petitioner is Not Entitled to Equitable Tolling**

The AEDPA one-year limitations period is subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner did not respond to respondent's motion to dismiss, therefore he does not present any arguments to this court as to why equitable tolling would be proper in this case. It appears that equitable tolling of the statute of limitations is not warranted as petitioner has not demonstrated diligent pursuit of his rights and extraordinary circumstances beyond his control. Petitioner's current petition was filed more than four years late without any valid justification for the delay, and therefore will be dismissed pursuant to 28 U.S.C.§ 2244(d).

5

### B. Failure to Exhaust State Remedies

The court will not address respondents' argument that petitioner failed to exhaust available state court remedies as the instant petition was untimely filed and petitioner is not entitled to equitable tolling of the one-year time limitation.

### III. Certificate of Appealability

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination of whether a certificate of appealability issues becomes a two-part test. The Supreme Court has stated that under such circumstances:

> A COA should issue when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court

///

6

erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

In the present case, petitioner's habeas petition is being dismissed because it was untimely filed. The Court did not reach the merits of any of petitioner's constitutional claims. Petitioner's habeas petition was filed more than four years beyond the one-year time limitation and petitioner failed to demonstrate that he is entitled to equitable tolling of the statute of limitations in this case. No reasonable jurist could conclude that this Court's procedural ruling was in error. Petitioner is not entitled to a Certificate of Appealability.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #9) is **GRANTED** and the petition is **DISMISSED** as untimely. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

DATED this 24th day of March, 2008.

_____
BRIAN SANDOVAL
UNITED STATES DISTRICT JUDGE